UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOE HAND PRODUCTIONS, INC., | Case No.2:24-CV-2145 JCM (NJK) |
| Plaintiff(s), | |
| v. | ORDER |
| BET YOU LOVE MY SMOKE LLC d/b/a MR. FRIES, et al., | |
| Defendant(s). | |

WHERAS plaintiff Joe Hand Promotions, Inc., has failed to comply with the court's directive in ECF No. 9 to submit a fee affidavit so the court could accurately calculate attorneys' fees. The court is perplexed with plaintiff's failure to comply considering it was plaintiff that requested that the court allow it to file a fee affidavit. (ECF No. 8 at 13).

An aggrieved party that prevails under the Federal Communications Act is entitled to recover "full costs," including "reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B)(iii). A "person aggrieved" includes a party "with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming ...." *Id*. at § 605(d)(6). Because default judgment has been entered, plaintiff qualifies as an aggrieved party who prevailed and may thus recover "full costs" under section 605.

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (quoting *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)).

"[D]istrict courts in the Ninth Circuit apply the lodestar method to determine whether a fee request is reasonable under Section 605." *G & G Closed Cir. Events, LLC v. Velasquez*, No. 1:20-

CV-1736 JLT SAB, 2022 WL 348165 (E.D. Cal. Feb. 4, 2022) (collecting cases).  The lodestar is calculated by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate."  *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).  The court may also modify "the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure."  *Id.*

Here, because the court is statutorily required to award attorneys' fees and plaintiff does not feel obligated to comply with this court's order, the court must determine what reasonable fees would be considering the record before the court.  Other courts determining reasonable attorneys' fees when default judgment is entered for violations of § 605 are instructive for the court's determination.  *See G & G Closed Cir. Events, LLC v. Hunter*, No. 2:22-CV-1059-JAM-KJN, 2024 WL 1311860, at *4 (E.D. Cal. Mar. 27, 2024) (awarding $7,293.75); *Innovative Sports Mgmt., Inc. v. Barbosa Cruz*, No. 3:24-CV-01536-WQH-JLB, 2025 WL 3101791, at *2 (S.D. Cal. Nov. 6, 2025) (awarding $10,668.75); *Innovative Sports Mgmt., Inc. v. Uniclubs Inc.*, No. CIV. 11-00647 SOM, 2012 WL 2921863, at *1 (D. Haw. June 12, 2012), *report and recommendation adopted*, No. CV 11-00647 SOM-KSC, 2012 WL 2921858 (D. Haw. July 18, 2012) (awarding $2,161.25).

The court, in its discretion and based on the limited information provided to the court, finds that $4,000 to be reasonable given the facts of the case.  This figure falls within the range of awards identified by the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff is entitled to $4,000 in attorneys' fees.

DATED February 25, 2026.

_____
UNITED STATES DISTRICT JUDGE